IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TONY NGUYEN,                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )    CASE NO. 2:20-CV-824-MHT-KFP
                                      )
CIVIL AIR PATROL, et al.,             )
                                      )
        Defendants.                   )

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Tony Nguyen brings this action against the Civil Air Patrol, five individually named defendants, and 10 fictitious defendants. Plaintiff brings numerous claims, described this way in the caption of the Second Amended Complaint:

> 1/Violations on ADA Employments-Accomodations to Disabled Veteran.
> 2/Violations on Employments's Retaliations.
> 3/Violations on Equal Employments-Equal Treatments Clause.
> 4/Violation to 42.USC 1983-Deprivation to Constitutional Rights.
> 5/Negligence in Failed to Train.
> 6/Intentional Infliction Emotion Distress.
> [sic]

Doc. 22 at 1. In the body of the Second Amended Complaint, Nguyen also asserts harassment in the nature of a hostile work environment. *Id.* at 7-8.

Although Nguyen names numerous defendants, only CAP has been served with the Second Amended Complaint. CAP has moved, on a variety of grounds, to dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(6). Doc. 24. For the reasons that

follow, the undersigned RECOMMENDS that CAP's Motion to Dismiss be GRANTED and this case be DISMISSED in its entirety.[1]

## I.   BACKGROUND

Nguyen initiated this action by filing an initial Complaint (Doc. 1) on October 13, 2020. On January 11, 2021, Nguyen filed an Amended Complaint (Doc. 3), which was served only on CAP. CAP moved to dismiss the Amended Complaint for a variety of reasons (Doc. 6), and Nguyen subsequently moved to again amend his pleading (Doc. 13). The Court granted Nguyen leave to file a Second Amended Complaint. In its Order, the Court identified many of the Amended Complaint's pleading deficiencies, explaining that it was a prohibited shotgun pleading and cautioning Nguyen that failure to cure the deficiencies identified therein, as well as the deficiencies identified in CAP's motion to dismiss, would result in dismissal of the case. *See* Doc. 16. On May 18, 2021, Nguyen filed his Second Amended Complaint. Doc. 22.

Although the Second Amended Complaint is largely incoherent, the following facts can be extracted and must be accepted as true at this stage. Nguyen, who is Asian, is a disabled veteran. *Id.* at 3. He identifies his national origin as Vietnamese. *Id.* at 11. "[H]e

---

[1] Many of the bases for dismissal discussed herein are applicable to all the purported defendants, not just CAP. Additionally, Nguyen has failed to effect service on any of the individually named defendants despite the fact that this action has been pending for more than a year and the Second Amended Complaint was filed more than five months ago. *See Benkovitch v. Vill. of Key Biscayne, Fla.*, 778 F. App'x 711, 715 (11th Cir. 2019) (noting that, when a plaintiff fails to serve process within 90 days after the complaint is filed, a court may dismiss the case) (citing Fed. R. Civ. P. 4(m)). Finally, as to the fictitious defendants, "fictitious-party pleading is generally not permitted in federal court" unless "the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Kabbaj v. John Does 1-10*, 600 F. App'x 638, 641 (11th Cir. 2015) (quoting *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)). That is not the case here; despite multiple opportunities to describe the fictitious defendants or more clearly identify the actions allegedly taken by them, Nguyen has failed to do so. Accordingly, dismissal of the entire case is appropriate.

served in Civil Air Patrol -US Air Force as a part of his Military Duty ( under pending life time contract with US AF and our Nation) and obligations to give back for the Country as a Senior Officer in Legal , Information Technology and Aerospace [sic]." *Id.* at 4. In and before November 2017, Nguyen complained about "the lack of ADA assistance to Disabled Veterans includ[ing Nguyen]." *Id.* From November 2017 through January 2018, individually named Defendants Alan Ferguson, Craig Newton, and Gregory Jurek would tell Nguyen that he "[did not] qualify to apply for higher level of positions of CAP because [he had a] Vietnamese accent, [was] over 40 years, had military disability and . . . requested reasonable accommodation due to [his] disability." *Id.* at 7. "Craig Newton would call [Nguyen] 'Vietnamese Fu**ing' and would say [his] accent cannot show [his] educations and [Nguyen] should not wear name tag on [his] CAP uniform." *Id*. Nguyen alleges verbal interactions like this "occurred on [a] weekly basis." *Id.* Additionally, Nguyen alleges that "Gregory Jurek would say [he] had [a] Vietnamese accent and I cannot understand, [and Jurek] would translate for [Nguyen] and would say [Nguyen] don't have any Medical disability [and his] restrictions do not need to be accommodated [sic]." *Id.* at 7-8.

In or around June 2017 "and onward," Nguyen requested reasonable accommodations for a disability, but he was not accommodated. *Id.* at 8. Before November 2017, Nguyen applied to be a "Senior Inspector general (IG-05 rank) with CAP-USAF." *Id.* at 8. In November 2017, apparently during a meeting, Nguyen, who was wearing some type of "medical support devices and other accommodations" was forced to remove the accommodations to wear the CAP uniform when Alan Ferguson-Newton said, "There was an ASIAN here ( only me ) do not know to wear CAP Uniform' and he should not wear

his name tag because disqualified and cannot be PROMOTED TO 06 Level of CAP leadership." *Id.* at 11. Nguyen filed an EEOC charge and received a right to sue letter on July 11, 2020 "and before." *Id.* at 5. Additionally, Nguyen asserts that:

- "The USAF members can have credits from serving to CAP as a part of retirement credit programs . . . . Nguyen . . . was working for [CAP] for his US Air Force Retired Credits Programs as well he is serving in many Federal or Federal Military Forces[.]" *Id.* at 4.

- Nguyen "WAS SUBJECTED TO change Status of Volunteering Employments On or around January 10, 2018, Alan Ferguson, Supervisor alleged [he] was disqualified for promotions to higher Senior Positions at CAP [sic]." *Id.* at 9.

On June 15, 2020, Nguyen alleges that something happened, although precisely what is unclear:

> I sent message and called them(CAP) to resinstate me as the promotion of My Selected Positions as an 05 on CAP-USAF , they also ignore and prevent me to join against My orginal position works at CAP/USAF from Racial and Military Discrimination. They told me : " You are disqualified from We cannot believe with your VN accent and Disabilities, you can have a unique HARVARD education like that .Your complaints to USDOJ -EEOC made us embarrassed .Go ahead to sue us " and hand it up. (My email to them: 06/15/2020: All: Please see again Tony Nguyen Application to have new Position at CAP_USAF -AEM and Please reinstate him again to his selected position in IT, AEM, IG team as an 05 of CAP-USAF as EEOC and USAF advice. Please send the denial or approval before we can process Federal Lawsuit against Civil Air Patrol on many kinds of Discriminations.) [sic].

*Id.* at 10-11. Finally, sometime between January 2018 and July 2020, "Alan Ferguson, Supervisor" told Nguyen that he "was disqualified to be promoted [to a] higher Position[.]" *Id.* at 10.

Critically, it is unclear from the Second Amended Complaint whether Nguyen was a volunteer or employee of CAP or whether he had some other status with CAP. It is equally unclear when the relationship, whatever it was, began and if or when it ceased.

4

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")).

## III.   DISCUSSION

### A.   Plaintiff's Second Amended Complaint Remains an Impermissible Shotgun Pleading.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 10(b) requires a plaintiff to state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." The Eleventh Circuit has described shotgun pleadings as follows:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. **The most common type— by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action**. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. **Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against**. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (emphasis added); *accord Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) ("Shotgun pleadings are flatly forbidden by the spirit, if not the letter, of [the Federal Rules] because they are calculated to confuse the enemy, and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the

jury, can be masked.[] Besides violating the rules, shotgun pleadings also waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts. We have little tolerance for them.") (internal quotation marks and citations omitted).

Like his previous pleading, Nguyen's Second Amended Complaint squarely meets the first two criteria above. The pleading is also the fourth type of prohibited shotgun pleading, as there are few factual allegations as to *each* Defendant's conduct included in the Second Amended Complaint. The majority of the allegations are, instead, incoherent and conclusory statements that are copied and pasted multiple times throughout the pleading. Many allegations string together disjointed statements, which makes discerning the factual basis potentially imbedded therein a nearly impossible task. For instance, Nguyen asserts:

> On 01/2018 until 07/2020 ,As my ADA Assistance Complaints to Leaderships levels of CAP-USAF on lack of ADA assistance to Disabled Veterans included Tony Nguyen , Plaintiff Tony Nguyen received the letters included verbally response from CAP Personnels that : You disqualified because you complained us on lack of ADA assistance and othe matters to USAF -IG , US DOJ and US Congress , let us change your status of CAP_USAF Volunteer/Military Credited Employee with CAP-USAF and you are forced to change to other status with CAP-USAF from you are also disqualify in IT -other Components because over 40 years old and can not promoted to Leadership level here(CAP_USAF) [sic].

 Doc. 22 at 5, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, 21, 23.[2] It is unclear whether Nguyen contends he was a compensated employee of CAP, was a volunteer, or had some other

---

[2] Nguyen has copied and pasted this exact same allegation on at least 14 pages throughout his pleading. As noted above, he does this with many of his allegations.

engagement with CAP.[3] It appears Nguyen claims he was prohibited from being promoted to some unidentified "Leadership level" position, but it is unclear whether he applied for the promotion or otherwise sought the promotion, when he actually did so, and whether he was qualified for the promotion sought. It is also unclear if he contends that someone outside his protected class(es) was promoted or hired into the position at issue. He does allege that sometime before November 2017, he "was applying to be Senior Inspector general (IG-05 rank) with CAP-USAF and approved by CAP-USAF Supervisor Jones in promotion become a Senior Inpector General Officer and Commander of Aerospace Division of CAP-USAF with rank 05 (L.Colonel) after [he] completed Seninor Officers Training Programs and Leadership Program at CAP_USAF [sic]." Doc. 22 at 4, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 20, 22. However, whether the Senior Inspector position is the specified "leadership" promotion Nguyen wanted is not clear.

During that same time period, Nguyen alleges he was informed that "they can not trust Plaintiff study HARVARD and President of HARVARD Alumni of USAF with such Vietnamese English accent."[4] Doc. 22 at 5, 8, 9, 10, 13, 14, 15, 16, 18, 19, 21, 23. And, repeatedly, Nguyen asserts seemingly immaterial facts such as that he is "President of the Harvard Alumni of US Air Force as an honor Harvard Alumnus" and that he has "Harvard Post Doc-JD-LLM,M.Eng,M.Arch,MBA studied at Universities included HARVARD with many honor scholarships from over 08 Degrees from Bachelors to Doctorate [sic]."

---

[3] In his opposition to the Motion to Dismiss, Nguyen asserts that he "is employed partime with CAP_USAF as a Pending Contract with US Air Force . Also , he volunteered to support CAP and USAF . . . [sic]." Doc. 26 at 5.

[4] It is unclear to whom "they" refers or who, specifically, said this to Nguyen.

*See*, *e.g.*, Doc. 22 at 3. As best it can be interpreted, Nguyen apparently alleges that some unidentified person(s) at some point(s) in time claimed to be unable to trust his Harvard education because of his "Vietnamese English accent." These are just a few examples of the difficulties presented in interpreting the factual basis for Nguyen's claims—a problem that plagues his entire pleading.

This lack of factual clarity precludes a finding of plausibility as to any claim. For example, Nguyen's pleading incorporates in each count all prior allegations, copies and pastes into each count many prior allegations, and seemingly dumps in other text copied from external sources. *See McCall v. Bank of Am., N.A.*, No. 2:16-CV-184, 2016 WL 5402748, at *2 (M.D. Ala. Sept. 26, 2016) ("It is not enough to clearly incorporate all facts pleaded in the . . . complaint . . . as Plaintiff has done; rather, the supporting facts must be pleaded in the count asserting the cause of action.") (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006)). The pleading is difficult to follow and wrought with missing factual links that prevent the Second Amended Complaint from giving any of the Defendants adequate notice of the claims against them and, in particular, the grounds on which each of those claims rest. *See Barmapov*, 986 F.3d at 1324 ("The 'self-evident' purpose of [the Federal Rules] is 'to require the pleader to present his claims discretely and succinctly, so that[] his adversary can discern what he is claiming and frame a responsive pleading.'[] These rules were also written for the benefit of the court, which must be able to determine 'which facts support which claims,' 'whether the plaintiff has stated any claims upon which relief can be granted,' and whether evidence introduced at trial is relevant.") (citations omitted).

Not even the leniency due a pro se litigant can salvage a failure to adequately plead, especially here on the third attempt. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015) ("A pro se pleading is held to a less stringent standard than a pleading drafted by an attorney; a pro se pleading is liberally construed."). "While pro se pleadings are held to less stringent standards than those drafted by attorneys, they still must suggest some factual basis for a claim." *KPOKYC v. President*, 858 F. App'x 289, 291 (11th Cir. 2021) (affirming dismissal of pro se pleading where the "'complaint constituted a shotgun pleading because it was 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.'") (quoting *Weiland*, 792 F.3d at 1322); *Bell v. J.B. Hunt Transp., Inc.*, 427 F. App'x 705, 708 (11th Cir. 2011) ("[T]he obligation to liberally construe a pro se pleading is not the equivalent of a duty to re-write it for the plaintiff."). The Second Amended Complaint is an exemplar shotgun complaint that requires dismissal at this time.

The closest Nguyen comes to stating a claim is what appears to be his harassment hostile work environment claim, but even it fails to assert sufficient factual clarity to move the claim forward. *McCray v. Auburn Univ. Montgomery*, No. 2:11-CV-714-WHA, 2011 WL 6140993, at *2 (M.D. Ala. Dec. 8, 2011) ("[T]o plead a hostile work environment claim the plaintiff is 'required to allege that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability.'")

(quoting *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010)). While a plaintiff is not required to plead every fact of a prima facie case, he must, at a minimum, assert facts demonstrating the material elements are plausible. *See Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) ("A Title VII complaint need not allege facts sufficient to make out a classic prima facie case, but must simply provide enough factual matter to plausibly suggest intentional discrimination."); *see also Some v. Honda Mfg. of Ala., LLC*, No. 2:18-CV-2120-TMP, 2019 WL 1466240, at *5 (N.D. Ala. Apr. 3, 2019) ("Although at the Rule 12 dismissal stage the plaintiff need not specifically plead every element of her claim, the complaint must contain direct or inferential allegations respecting all the material elements necessary to sustain a recovery.") (citing *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)).

To establish a hostile work environment claim, a plaintiff must show that "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citations omitted). Nguyen's conclusory allegations that he was discriminated against, harassed, retaliated against, and not given due process and the like are mere legal conclusions that the Court must ignore on a motion to dismiss. When those legal conclusions are excluded, the remaining factual allegations fail to nudge the mostly indecipherable claims forward. *See Iqbal*, 556 U.S. at 679.

Nguyen alleges that, from November 16, 2017 to January 2018, he faced some variety of weekly verbal harassment "on the basis of age, ancestry (Vietnam), disability,

military and veteran status, national origin (Vietnam) and race (Asian)." Doc. 22 at 7. However, the only examples he provides lack specificity. Nguyen alleges that, at some unidentified time, he was told he did not qualify for "positions" because he has a Vietnamese accent, is over 40 years old, has a military disability, and requested a reasonable accommodation, and he further alleges he was called a "Vietnamese Fu\*\*ing." *Id*.

Taken together, these statements are at best examples of sporadic insults. Albeit cruel and not appropriate in the workplace (assuming Nguyen actually worked there), the allegations are not sufficient to assert a plausible claim that the environment was permeated with harassment—harassment *that was severe or pervasive enough to state a claim. See*, *e.g.*, *Guthrie v. Waffle House, Inc.*, 460 F. App'x 803, 807 (11th Cir. 2012) (holding dozens of derogatory comments over an eleven-month period insufficiently severe and pervasive); *Washington v. Util. Trailer Mfg. Co.*, No. 1:13-CV-610-WEF, 2014 WL 2831189, at \*5 (M.D. Ala. June 23, 2014) ("The Court cannot evaluate the plausibility of Plaintiffs' racial harassment claim based on the [applicable] standards . . . until, as requested by this Court repeatedly now, Plaintiffs give examples of when the statements are alleged to have been made, or by whom, or to whom, or where and approximately how frequently and over what time period.") (internal quotations and citations omitted); *see also Corbett v. Beseler*, 635 F. App'x 809, 816 (11th Cir. 2015) ("Title VII is not a general civility code; ordinary tribulations of the workplace . . . cannot form the basis of a claim for actionable harassment or hostile work environment. Instead, conduct must be extreme to amount to a change in terms and conditions of employment. Title VII is not a shield against harsh treatment in the

workplace; personal animosity is not the equivalent of discrimination.") (internal quotations and citations omitted).

Additionally, the Court notes that Nguyen appears to be quite familiar with the judicial system, and several other courts have declared Nguyen a vexatious litigant. In one of his incoherent narratives in opposition to the motion to dismiss, Nguyen asserts that he is "on Medical Leave from Medical treatments caused from Attempted Murder , Abuse of Process of a Criminal Gang was backed up by Iran and Vietnamese Communist Governments. **See Nguyen vs. Iran Islamic Republic et al -1:21-00267-Washington DC US District Court)** [sic]**.**" Doc. 26 at 7 (emphasis in original). In this suit, styled *Nguyen v. Islamic Republic of Iran* and filed in the District of Columbia in January 2021, Nguyen brought suit against eleven named defendants and ten unknown defendants, alleging they were a "big criminal gang" acting in collusion to threaten, harass, and attempt to murder him, his parents, his family, "his God Parents," and an unnamed disabled veteran referred to only as John Doe. Case No. 1:21-CV-267-RCL (D.C.), Docs. 1, 6. The D.C. court sua sponte dismissed the action without prejudice, calling the pleading "nonsensical" and "utterly incoherent." *Id.*, Doc. 6.

Also, in January 2021, Plaintiff filed a seemingly identical complaint in the District of Nevada against the same defendants. Case No. 2:21-CV-134-GMN-NJK, Doc. 1. The Nevada court described Plaintiff's allegations as "a delusional, sweeping conspiracy" that were "frivolous and nonsensical." *Id.*, Doc. 118 at 8. The Nevada court further determined that Nguyen had filed at least **42** prior—and often duplicative—cases, removals, and appeals against the same defendants, all arising from similar frivolous claims, and noted

that two other courts had already deemed him a vexatious litigant and imposed prefiling injunctions against him.[5] *Id.* at 8-10. The court further recognized Nguyen's "willingness to circumvent" those prefiling injunctions by continuing to file similar cases under pseudonyms and anonymously as "John Doe," making the actual number of prior cases filed by Nguyen difficult to discern. *Id.* at 10. Thus, the Nevada court also held Nguyen to be a vexatious litigant and prohibited him from filing certain future lawsuits. *Id.* at 11.

Nguyen's extensive, frivolous litigation history makes his failure to follow the pleading rules, and this Court's order giving him instructions about curing the deficiencies of his last pleading, all the more troubling and intolerable. Therefore, the Second Amended Complaint should be DISMISSED and no further leave to cure should be allowed.

### B. Plaintiff's Claims are Untimely: Claims under Title VII, the ADA, and the ADEA Were Not Filed Within 90 Days.

While this lawsuit is subject to dismissal based solely upon the foregoing, the undersigned makes a few additional points that further support dismissal of Nguyen's Second Amended Complaint. First, even if Nguyen plausibly asserted discrimination, harassment, or retaliation claims under Title VII, the ADA, and the ADEA, those claims should nevertheless be dismissed. These statutes provide that a plaintiff must bring a civil action within 90 days after receiving a right to sue notice from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) (setting 90-day deadline for Title VII cases); 42 U.S.C. § 12117(a) (providing that the ADA incorporates the procedural provisions of Title VII, including

---

[5] A vexatious litigant list prepared and maintained by the Judicial Council of California identifies "Anthony Nguyen," "aka Tony Nguyen," as a vexatious litigant from whom the California courts have prohibited future filings though October 1, 2021.

filing within 90 days after receiving a right to sue); 29 U.S.C. § 626(e) (setting 90-day deadline for ADEA cases).[6]

Based on the Second Amended Complaint's factual allegations, Nguyen received his right to sue letter no later than July 11, 2020.[7] Doc. 22 at 5. In fact, he alleges he received it on that date "and before." *Id*. As CAP points out in its motion, Nguyen filed this lawsuit on October 13, 2020, more than 90 days after July 11, 2020. *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1233-34 (11th Cir. 2002) (affirming dismissal where claimant failed to initiate suit until 97 days after the EEOC mailed right to sue notice); *Norris v. Fla. Dep't of Health and Rehab. Servs.*, 730 F.2d 682, 682 (11th Cir. 1984) (affirming dismissal of suit filed 91 days after receipt of right to sue notice).

"Once the defendant contests this issue, the plaintiff has the burden of establishing that he met the ninety day filing requirement." *Green*, 281 F.3d at 1234 (citing *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982)). Nguyen, however, fails to provide any argument or rebuttal to what must be deduced from the facts he has alleged: these claims (assuming plausible claims are even asserted) are untimely because they were filed more than 90 days after he received the EEOC's right to sue letter. He also provides no facts whatsoever to support equitable tolling of the 90-day requirement. *See Baldwin*

---

[6] *See also Strickland v. Wayne Farms–Southland Hatchery*, 132 F. Supp. 2d 1331, 1332 (M.D. Ala. 2001); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233-4 (11th Cir. 2002) (citing *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000)); *Kerr v. McDonald's Corp.*, 333 F. Supp. 2d 1352, 1358 (N.D. Ga. 2004) ("[F]iling an action within 90 days of receipt of a notice of right to sue from the EEOC is a condition precedent to bringing an action under [Title VII]."); 29 U.S.C. § 626(d)(1) (stating that no ADEA civil action may be commenced unless an EEOC charge has been filed).

[7] Plaintiff attached the Notice of Right to Sue with his initial complaint, which is dated July 10, 2020. *See* Doc. 1 at 11.

*Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Accordingly, these claims should be DISMISSED.[8]

### C. Plaintiff's State Law Claims Should be Dismissed for Failure to State a Claim.

#### 1.   Plaintiff's Allegations Do Not Support an Outrage Claim

A claim for the tort of outrage under Alabama law requires a plaintiff to "'demonstrate that the defendant's conduct (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it.'" *Washington v. Util. Trailer Mfg. Co*., No. 1:13-CV-610-WKW, 2014 WL 7148864, at *3 (M.D. Ala. Dec. 15, 2014) (quoting *Little v. Robinson*, 72 So. 3d 1168, 1172 (Ala. 2011) (internal quotation marks omitted)); *see also Little*, 72 So. 3d at 1172 (discussing three limited types of conduct held actionable under the tort of outrage, as set out in *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000)). "To be sure, in Alabama, the tort of 'outrage is a very limited cause of action that is available only in the most egregious circumstances.'" *Id*. (quoting *Thomas v. BSE Indus. Contractors, Inc*., 624 So. 2d 1041, 1044 (Ala. 1993) (noting that the Alabama Supreme Court "has held in a large

---

[8] CAP further argues that the EEOC Charge did not administratively exhaust all the claims asserted in this lawsuit, and that may be true. Nguyen's EEOC Charge is similarly difficult to follow. *See* Doc. 6, Ex. A. Nevertheless, even assuming plausible claims are asserted here and that the charge encompassed the allegations intended in this lawsuit as the basis for Nguyen's claims for discrimination based on age, disability, race, national origin, harassment, and retaliation, the lawsuit was not timely filed as explained herein.

majority of the outrage cases reviewed that no jury question was presented" and citing 19 cases in support)). Indeed, "the Supreme Court of Alabama has taken special care to accentuate the extreme nature of the tort of outrage." *McCreight v. AuburnBank*, No. 2:19-CV-865-ALB, 2020 WL 1061675, at *3 (M.D. Ala. Mar. 4, 2020) (citing *Gibbs v. Aetna Cas. & Sur. Co.*, 604 So. 2d 414, 415 (Ala. 1992) (holding that *Cont'l Cas. Ins. Co. v. McDonald*, 567 So. 2d 1208, 1209 (Ala. 1990), a case in which a company cruelly and intentionally withheld payment for pain treatment they knew they owed in an attempt to press a nominal settlement, "has come to represent the minimum threshold that a defendant must cross in order to commit outrageous conduct")).

While the application is narrow, the Alabama Supreme Court has observed that the limitation "is not to say . . . that the tort of outrage is viable in only the three circumstances noted in *Potts*." *Little*, 72 So. 3d at 1172–73 (observing that it recently affirmed a judgment on a tort-of-outrage claim in a fourth situation). However, the grounds Nguyen has asserted—consisting primarily of Nguyen's mostly vague and largely garden-variety allegations that he was subjected to some form of discrimination and/or harassment during his volunteering and/or employment—are simply not the kind so egregious that might nudge his outrage claim to the next stage of litigation. *Compare Washington*, 2014 WL 7148864, at *3 (denying motion to dismiss plaintiff's "alleged facts, taken as true at this juncture, that portray a workplace replete with racial discrimination, harassment, and hostility," where allegations included numerous racial slurs such as "black a—," "monkey," "boy," "dirty a—n———," or "black a—mother———" and racially charged graffiti inscribed on the walls, beams, and bathroom stalls, including the letters "KKK,"

drawings of a noose, the word "n———," and references to the "Brotherhood") *with McCreight*, 2020 WL 1061675, at *3 (dismissing outrage claim where plaintiffs' allegations were no "more than garden variety workplace discrimination" claims alleging "patterns of discriminatory conduct in the work place" and noting that, while Plaintiff McCreight was repeatedly told that the bank was only interested in hiring young people and Plaintiff Wester was repeatedly called "slow," their terminations, "while they may have been dramatic, [did not] rise to the level of . . . truly shocking and outrageous conduct"). Thus, Plaintiff's purported outrage claim should be DISMISSED.

### 2. Because There is No Actionable Underlying Tort, Plaintiff Cannot Move Forward on a Negligent Training Claim

Nguyen appears to assert a claim for negligent training. Setting aside the fatal factual dearth supporting the claim, the claim cannot be supported by the alleged federal causes of action. As this Court noted in *Guy v. Alabama Power Co.*, No. 2:13CV8-MHT, 2013 WL 3929858, at *2 (M.D. Ala. July 29, 2013):

> [The] wrongdoing must be based on state, and not federal, law. Otherwise, the tort of negligent or wanton hiring, training, and supervision could be a corridor through which federal laws prohibiting various types of conduct by employees could be incorporated into state law as a privately redressable requirement on employers to stop their employees from engaging in such conduct.

Indeed, as the *Guy* court noted, "it appears that all Alabama federal courts that have considered the issue have consistently interpreted state law as requiring that the [alleged] wrongdoing be based on 'a common-law, Alabama tort . . ., [and] not on a federal cause of action.'" *Id*. at *3 (quoting *Short v. Mando Am. Corp.*, 805 F. Supp. 2d 1246, 1277 (M.D.

Ala. 2011)).[9] Thus, without an underlying state tort, of which there is none, Plaintiff's

purported negligent training claim should be DISMISSED.

### D.  Plaintiff Fails to State a Viable Due Process or § 1983 Claim.

After copying and pasting numerous incoherent narrative statements throughout the

Second Amended Complaint, Nguyen asserts this for his due process claim:

> On or before 06/15/2020, Civil Air Patrol or its Staff failed to have any
> proper hearing , meetings explanations on Tony Nguyen 's Changing
> Employment or Denial of Promotions on his over qualified capacities with
> accommodation .It is shown their misconducts from Discrimnations ,
> Defamation /Retaliations and Violations to DUE PROCESS as one of
> Constitutional Rights that Plaintiff NGUYEN must be entitled .Also,
> Plaintiff was victimized by Defamatory/Retaliations as CAP made up many
> fake reasons to mistreat Plaintiff as Federal Government 's Proper
> Complaints . When Nguyen complained to US Department of Justice , EEOC
> , US Air Force , Congress members ,etc Civil Air Patrol made up or changed
> many fake stories to harm NGUYEN 's reputation .[] As a direct result of the
> aforesaid unlawful retaliatory employment practices engaged in by the
> Defendant in violation of the DUE PROCESS Clause [sic].

Doc. 22 at 19.

For his § 1983 claim, it appears Nguyen has simply copied and pasted a caselaw

summary, reasserted all the other paragraphs of the pleading along with additional

disjointed statements, and asserted, "Besides, CAP was acting with Tony Nguyen as a

Federal Government agency under color of his duty with USAF and also his USAF Credit

---

[9] *See also Williams v. Daiichi Sankyo, Inc*., No. 2:11-CV-3629, 2012 WL 3627765, at *3 (N.D. Ala. Aug. 21, 2012) ("The plaintiff must allege underlying wrongful conduct that is an Alabama common law tort to support a claim of wanton supervision."); *Evans v. Mobile Infirmary Med. Ctr*., No. CIV.A.04-0364, 2005 WL 1840235, at *17 (S.D. Ala. Aug. 2, 2005) ("[T]he Alabama Supreme Court has held that a plaintiff is required to prove an underlying common-law tort in order to prevail in a claim for negligent supervision, training or retention."); *Kurtts v. Chiropractic Strategies Grp., Inc*., 481 F. App'x 462, 469 (11th Cir. 2012) (in cases without evidence that a tort was committed, "the Alabama Supreme Court has explained that an employer may not be held directly liable on a theory of negligent supervision or training because no [underlying] tort occurred.").

Retired works , IT IS Considered CAP was depriving Civil Rights ( ADA Assistance and DUE PROCESS clauses ) in his Employments of his CAP timing [sic]." *Id.* at 20.

Neither of these incomprehensible counts states a claim that can move forward in litigation, and they should thus be DISMISSED.

## IV.    CONCLUSION[10]

Accordingly, for the reasons set forth above, the Magistrate Judge RECOMMENDS that Defendant Civil Air Patrol's Motion to Dismiss (Doc. 24) be GRANTED and this case be DISMISSED.

It is further

ORDERED that on or before **November 17, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on

---

[10] In its motion, CAP raises additional grounds for dismissal, including arguing that volunteers like Nguyen have no right of action under Title VII, the ADA, or the ADEA. These and other arguments CAP asserts as grounds for dismissal are pretermitted based on the undersigned's conclusion that the Second Amended Complaint is otherwise due to be dismissed.

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

     DONE this 3rd day of November, 2021.

          /s/ Kelly Fitzgerald Pate
          KELLY FITZGERALD PATE
          UNITED STATES MAGISTRATE JUDGE